UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

HENRY J. JACKSON,

                Petitioner,                        Case No. 1:10-cv-543

v.                                             Honorable Janet T. Neff

BLAINE LAFLER,

                Respondent.

_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations& Procedural History

Petitioner is incarcerated in the Carson City Correctional Facility. He was convicted in the Kalamazoo County Circuit Court of first-degree felony murder and was sentenced to a mandatory term of life imprisonment on December 21, 1995. The criminal case arose from the stabbing death of Angela Taylor, a prostitute in Kalamazoo. The prosecutor's theory of the case was that Petitioner and James Edwards[1], both cross-dressing prostitutes, were angry at Taylor for informing potential customers that they were men. According to the prosecutor, the two men confronted Taylor, Petitioner roughed her up and stole money from her, and Edwards stabbed her to death. The defense maintained that Petitioner never planned to kill Taylor and that Edwards solely was responsible for her death. Petitioner appealed his conviction to the Michigan Court of Appeals raising several claims of error, including insufficient evidence. In an unpublished opinion issued on March 17, 1998, the Michigan Court of Appeals rejected Petitioner's claim, stating:

> Defendant argues that the evidence presented by the prosecution was insufficient to sustain the jury's verdict that he was guilty of first-degree felony murder. We disagree.
>
> The elements of felony murder are: (1) the killing of a human being, (2) with malice; that is, with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in MCL 750.316; MSA 28.548, including larceny from a person. *People v Turner*, 213 Mich App 558, 566; 540 N.W.2d 728 (1995). Defendant's challenge on appeal is that the prosecution failed to establish the element of malice.
>
> As defendant correctly notes, malice may not be presumed merely from the intent to commit the underlying felony. *People v Datema*, 448 Mich 585, 601; 533

---

[1] Edwards ultimately pleaded guilty to second-degree murder in the murder of Angela Taylor.

NW2d 272 (1995). The jury may, however, infer malice from the facts and circumstances of the defendant's involvement in the underlying felony. *People v Dumas*, 454 Mich 390, 398; 563 NW2d 31 (1997). Indeed, "if it can be shown that an aider and abettor participated in a crime with knowledge of his principal's intent to kill or to cause great bodily harm, he was acting with wanton and wilful disregard sufficient to support a finding of malice." *People v Flowers*, 191 Mich App 169, 178; 477 NW2d 473 (1991). Moreover, a jury can properly infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm. *Id*. at 177.

The evidence in the present case, viewed in a light most favorable to the prosecution, establishes that defendant knew that Edwards was armed with a knife when the two confronted Taylor about her interference in their prostitution. Defendant was well aware that Edwards had a violent temper and that he would not hesitate to use the weapon in an argument. During the confrontation, defendant pushed Taylor down, grabbed money from her bra, and went through her purse, while Edwards stabbed Taylor. We find that when presented with this evidence, a rational trier of fact could have found that the essential elements of first degree felony murder, including malice, were proved beyond a reasonable doubt. *Turner, supra*, at 572.

*People v. Jackson*, No. 193481 (Mich. Ct. App. Mar. 17, 1998). The Michigan Supreme Court denied his application for leave to appeal on December 30, 1998.

Nearly a decade later, in September 2007, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court. Petitioner raised claims of ineffective assistance of trial and appellate counsel and actual innocence based upon newly discovered evidence. The newly discovered evidence is a statement that James Edwards gave to police before he was arrested in connection with the case. The trial court denied his motion for relief on January 9, 2008. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on March 24, 2009 and September 28, 2009, respectively.

Petitioner now raises the following grounds for habeas corpus relief:

I. PETITIONER WAS DENIED DUE PROCESS WHEN THE STATE COURT CONSTRUED HIS ACTUAL INNOCENCE CLAIM AS INSUFFICIENT EVIDENCE, AND WHERE COURT FOUND HE WAS

REQUIRED TO SHOW CAUSE & PREJUDICE, WHERE IT IS NOT REQUIRED.

II.     WHERE PETITIONER JACKSON PRODUCED NEW RELIABLE EVIDENCE OF HIS INNOCENCE AND WHERE THE TRIER OF FACT WAS NEVER AWARE OF SAID EVIDENCE, PETITIONER IS ACTUALLY INNOCENT OF THE CRIME, AND HE WAS DENIED INEFFECTIVE ASSISTANCE OF COUNSEL.

      A.     WHERE COUNSEL FAILED TO PRESENT PETITIONER'S ACTUAL INNOCENCE DEFENSE, PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED TO HIM UNDER THE SIXTH AMENDMENT TO THE UNITED STATE CONSTITUTION.

      B.     PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON HIS APPEAL OF RIGHT, WHERE COUNSEL FAILED TO RAISE THE CLAIM OF PETITIONER'S ACTUAL INNOCENCE ON APPEAL.

(Pet., 6-10, Page ID#6.)

II.     <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner directly appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on December 30, 1998. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 30, 1999. Petitioner had one year from March 30, 1999, until March 30, 2000, to file his habeas application. Petitioner filed

the instant petition on or about June 3, 2010, more than ten years after the statute of limitations expired. Thus, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 2000, his collateral motion filed in 2007 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, __ S. Ct. __, 2010 WL 2346549, at *9 (June 15, 2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." *Holland*, 2010 WL 2346549, at *12 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner claims that he is actually innocent of the offenses for which he was convicted. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Shlup v. Delo*, 513 U.S. 298, 327 (1995); *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner's claim of actual innocence rests upon a statement that co-defendant James Edwards made on July 19, 1994 during an interview with Detective Werkema. Petitioner claims that he never saw the statement until his post-conviction proceedings. Werkema summarized his interview with Edwards as follows:

During the course of that interview, I asked EDWARDS if he ever carried a knife. EDWARDS stated no. I asked EDWARDS if he had ever carried a knife in the past. Again, EDWARDS stated no. I again asked EDWARDS if he had ever carried a knife. EDWARDS paused for a long moment and stated, "No, I don't carry a knife." I asked EDWARDS if he had ever in the past carried a knife to protect himself. Again, EDWARDS stated no.

I then informed EDWARDS of an interview with KIM THOMPSON, another cross dresser/homosexual, who indicated he pulled a knife on her in a fight. EDWARDS stated that was a lie, it wasn't a knife, it was a stick. In that interview, I again confronted EDWARDS as to the fact everyone he had told me to talk to I had located and they all say he is lying. Again, at this time, EDWARDS stated ANGELA TAYLOR was with TOOTIE and ALEXIS, and he left them all together and he never got out of his car. I stopped EDWARDS and again told him he was not being truthful and it was very apparent he was still lying.

EDWARDS, at this point, began crying and it was at this time EDWARDS stated to this detective, "I'm not sure about all this, but when I'm certain, I'll tell you, when I'm certain, I'll speak to you." This confused me and I asked EDWARDS what he was talking about and I asked EDWARDS again if he knew who killed ANGELA TAYLOR. EDWARDS was crying very hard at this time and stated yes, he did and *only he knows*. I told EDWARDS if this was true, why did he not tell me who this was so I could speak with them. EDWARDS stated "no," as he was crying, "I want to make sure I'm sure. I don't want to be taken wrong. I want to be able to say this is what I've seen and what I saw and I can't do that just yet."

I tried to get more out of EDWARDS during the interview, as to what he was referring to, EDWARDS just cried a lot and stated he did not want to talk at this point and it, until he was sure beyond, as he put it, "a reasonable doubt." EDWARDS again stated, "*I'm the only one that knows*." EDWARDS did state, however, in that interview, that once he was positive on what he was talking about, he would tell me. That interview was concluded and the interview terminated.

(Edwards Statement, Page ID#47-48) (emphasis added). Petitioner contends that Edwards'

statement that he was "the only one that knows" who murdered Angela Taylor excluded Petitioner

as a participant in the murder. In other words, Petitioner construes Edwards' statement as an

admission that he, alone, murdered Angela Taylor.

Edwards statement does not constitute new, reliable evidence that Petitioner is factually innocent of felony-murder. Petitioner's construction of Edwards' statement is extremely narrow. Edwards could have meant that only he knew that Petitioner committed the murder or that he and Petitioner committed the murder. There was nothing in Edwards statement that necessarily excluded Petitioner from participation in the robbery and murder of Angela Taylor. The jury also may have found that Edwards' statement lacked credibility. Had Edwards' statement to Detective Werkema been admitted at trial, it is not reasonably likely that the jury would have reached a different verdict. Because Petitioner fails to raise a credible claim of actual innocence, he is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: June 30, 2010             /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).