UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY J. JACKSON,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent.
_____/

Case No. 1:10-cv-543

HON. JANET T. NEFF

# **OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny Petitioner's application as time-barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1) (Dkt 3). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 7). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, adopts and approves the Report and Recommendation as the opinion of this Court, and issues this Opinion and Final Order pursuant to FED. R. CIV. P. 58. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner advances two main objections to the Magistrate Judge's Report and Recommendation. First, Petitioner objects to the Magistrate Judge's conclusion that the statement of James Edwards does not constitute new reliable evidence of actual innocence sufficient to warrant

equitable tolling of the one-year statute of limitations. Second, Petitioner submits, for the first time, an affidavit of Elbert Anderson regarding a conversation Anderson had with original trial witness, Fred Holden, while incarcerated (Dkt 7, Exh. 2). Petitioner contends that this newly presented affidavit constitutes new and reliable evidence of actual innocence sufficient to warrant equitable tolling of the one-year statute of limitations.

I

Petitioner first objects to the Magistrate Judge's conclusion that the statement of James Edwards does not support a "valid claim of actual innocence [which] requires . . . 'new, reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial'" (Dkt 3 at 7) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner's objection is without merit.

The Magistrate Judge properly analyzed the evidence and concluded that "there was nothing in Edwards' statement that necessarily excluded Petitioner from participation in the robbery and murder of Angela Taylor," and, thus, "had the statement been admitted at trial it is not reasonably likely that the jury would have reached a different verdict" (Dkt 3 at 9). With this objection, Petitioner essentially recounts his view of the case and re-alleges the claims set forth before the Magistrate Judge. Rather than pointing out any factual or legal error by the Magistrate Judge, this objection at best only states Petitioner's disagreement with the Magistrate Judge's conclusion that Petitioner has failed to raise a credible claim of actual innocence, and, therefore, is not entitled to equitable tolling of the one-year statute of limitations. Thus, Petitioner's first objection is denied.

II

In his second objection, Petitioner produces the affidavit of Elbert Anderson, regarding a conversation Anderson had with Fred Holden, a witness in Petitioner's original trial. The affidavit outlines an alleged conversation in which Holden claimed that his testimony at the trial of Petitioner was false (Dkt 7, Exh. 2). Petitioner provides this evidence and makes his additional claim of actual innocence for the first time at the district court level. The Magistrate Judge had no opportunity to evaluate this claim and therefore it is procedurally barred. *See Glidden Co. v. Kinsella*, No. 09-3599, 2010 WL 2803944, at *9 n.2 (6th Cir. Jan. 7, 2010) (stating that while the Sixth Circuit has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver). *See, e.g.*, *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297 (W.D. Mich. Aug. 3, 2010); *Jones-Bey v. Caruso*, 1:07-cv-392, 2009 WL 3644801 (W.D. Mich. Oct. 30, 2009). Thus, since Plaintiff asserts this argument for the first time at this stage of his case, his argument regarding actual innocence based on Anderson's affidavit is deemed waived.

Alternatively, even if this claim was not procedurally barred due to Petitioner's failure to raise it before the Magistrate Judge, Petitioner's claim would still be without merit. Like the original claims brought before the Magistrate Judge within the confines of his original application, this newly presented claim is also barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). However, as stated by the Magistrate Judge in regards to Petitioner's original actual-innocence claim, the one-year statute of limitations period applicable to 28 U.S.C. § 2254 is subject

3

to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2010 WL 2346549, at *9 (Jan. 15, 2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). Moreover, an actual-innocence claim, like Petitioner's newly presented claim here, if demonstrated to be credible based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitation periods. *See McCray v. Vasbinder*, 499 F.3d 568, 577 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). Actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590. To make a valid claim of actual innocence the petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, Petitioner merely submits the affidavit of Elbert Anderson containing hearsay statements of a witness in Petitioner's original trial, Fred Holden. Even if taken as factually true, the affidavit of Elbert Anderson at best creates a legal insufficiency; it in no way demonstrates factual innocence by way of exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence. *See Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590. Furthermore, this affidavit does not "demonstrate, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted" Petitioner. *Schlup*, 513 U.S. at 327. In *Knickerbocker v. Wolfenbarger*, the petitioner's evidence included testimony from inmate claiming that petitioner's co-defendant told him that petitioner was not responsible for killing the victim, petitioner's polygraph results, and a letter from a doctor indicating that petitioner might have been physically unable to strangle the victim. 212 F. App'x 426, 432-34 (6th Cir. 2007). The Sixth Circuit, in *Knickerbocker*, held that this evidence proved insufficient to warrant equitable tolling based on actual innocence. *Id.* The

evidence that Petitioner submits here falls far short of the evidence presented in *Knickerbocker*, which was found insufficient to warrant equitable tolling based on actual innocence. Thus, Petitioner's second objection is denied because it is procedurally barred due to his failure to raise this claim before the Magistrate Judge, or, alternatively, the claim is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).

III

Having determined to approve and adopt the Report and Recommendation as the Opinion of this Court, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural rulings debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.

DATED: December 7, 2010         /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge

5